Glennon, J.
(dissenting). The letter of February 27, 1937, having been acted upon by the parties, constituted a valid and enforcible agreement reducing the rate of interest for which no consideration was required under the provisions of section 279 of the Real Property Law. It was written in reply to a request for an;iextension of the mortgage and á reduction in the rate of interest. The extension was refused but the interest reduction was granted. The question therefore is one of construction, namely,' whether the interest reduction was one at will or for a specific term.
The mortgage is subject to the provisions of the emergency legislation which was originally enacted in 1933 affecting mortgages made prior to July 1, 1932 (L. 1933, chs. 793, 794). The purpose of that legislation was to maintain the status quo and was intended for the protection of mortgages that were then “ matured and open ” as well as those that had not as yet matured (Metropolitan Savings Banh v. Tuttle, 290 N. Y. 497, 503). Those laws, as amended, suspend the remedies of mortgagees where the only default is in the payment of the principal balance of the indebtedness. Where all other terms and conditions are complied with, a matured mortgage continues as an open one by operation of law.
*209 At the time the letter was written the mortgage here involved was an open one by virtue of the emergency laws. Rather than grant an extension of the mortgage the mortgagees preferred to have it “ continue as an open one at the rate of four per cent.” In other words, the mortgagees agreed to accept the 4% rate for the period during which the mortgage remained open. ■ The reduction therefore was for a definite term and not at the will of the mortgagees.
The fact that there was no consideration given is of no significance since no consideration was required. What is significant, although not controlling, is the stipulation that the letter was written in behalf of trustees by a firm of reputable attorneys and that the 4% rate was accepted for a period of eight years without objection or protest. It was not until January, 1946, when defendant acquired the mortgage that the effect of the agreement was questioned.
The defendant maintains that since the interest reduction applied to an open mortgage it was terminable at will and that the demand of January 2, 1946, reinstated the 5% rate specified in the mortgage and allowable under section 1077-cc of the Civil Practice Act. The difficulty with that position, however, is that the mortgage was as much an open mortgage after the demand as it was before. Nor did the threat of foreclosure in May, 1946, change the character of the mortgage.
The case of Title Guarantee & Trust Company v. 2846 Briggs Avenue, Inc. (283 N. Y. 512), relied upon by the defendant, is distinguishable. There the agreement reduced “ the interest rate to 5% to date of maturity, June 1, 1935.” Interest at that rate was accepted for several years beyond June 1, 1935, and then a demand was made for interest at the 6% rate provided for in the extension agreement. The voluntary acceptance of interest at the lower rate on each interest date after June 1, 1935, was a waiver of the 6% rate as to those payments, but the acceptance of those payments did not constitute a waiver of the mortgagee’s right to insist upon the higher rate of interest as to future interest installments. In the Briggs Avenue case there was no agreement to accept the lower rate beyond June 1, 1935; here the mortgagees agreed to accept the 4% rate so long as the mortgage continued as an open one.
As we have seen, the agreement relied upon by the plaintiff was written by the attorneys for the mortgagees at a time when the emergency legislation had been in effect for a number of years. At that time the right to enforce payment of the principal *210 balance was conditionally suspended and by virtue of section 1077-cc the mortgagees were entitled, during the emergency period, to the 5% rate specified in the mortgage. The mortgage was an open one by operation of law and bore interest at the rate of 5%. In those circumstances a reduction of the interest rate to 4% was granted without any reservation whatsoever. By express language the 4% rate was-made to apply during the period that the mortgage continued as an open one, without regard to whether that status was maintained by virtue of the emergency laws or otherwise. The mortgage will remain open until such time as steps to enforce payment of the principal balance may be effectively taken. In the meantime the defendant is limited to interest at the rate of 4%.
Judgment should, therefore, be directed in favor of plaintiff.
Dore and Callahan, JJ., concur with Peck, J.; Glennon, J., dissents in opinion in which Martin, P. J., concurs.
Judgment directed for defendant. Settle order on notice.